**UNITED STATES of America,
Appellee,**

v.

**Thomas M. RITTWEGER,
Defendant–Appellant.**

**No. 07–2965–cr.**

United States Court of Appeals,
Second Circuit.

Feb. 13, 2009.

Andrew L. Fish, Assistant United States Attorney (Katherine Polk Failla, of counsel), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Marshall A. Mintz, Esq., Mintz & Oppenheim LLP, New York, NY, for Defendant–Appellant.

PRESENT: Hon. JON O. NEWMAN, Hon. SONIA SOTOMAYOR, Circuit Judges, Hon. JED S. RAKOFF,* District Judge.

### SUMMARY ORDER

Defendant-appellant Thomas M. Rittweger ("Rittweger") appeals from a July 9, 2007, 2007 WL 1975490, Memorandum Opinion and Order ("Order") of the United States District Court for the Southern District of New York (Koeltl, J.) denying Rittweger's motion for a new trial pursuant to Federal Rule of Criminal Procedure 33 ("Rule 33"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Rittweger argues the district court abused its discretion in denying his motion for a new trial based on newly discovered evidence the government failed to disclose prior to trial. *United States v. Rivas*, 377 F.3d 195, 199 (2d Cir.2004) ("A court of appeals reviews a district court's denial of a motion for a new trial under Rule 33 for abuse of discretion."). Rittweger contends that the evidence, a memo to Rittweger written by the government's cooperating witness, contained statements that contradicted the witness's testimony and the government's overall theory of the case. It thus qualified, he argues, as exculpatory evidence wrongly suppressed under *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *See United States v. Siddiqi*, 959 F.2d 1167, 1173 (2d Cir.1992) ("[Rule 33] specifically contemplates that such motions may be made based on newly-discovered evidence.").

As the district court noted, however, the document in question cannot be considered "newly discovered evidence" because it

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

was offered into evidence at trial as Government Exhibit 359. *See United States v. Zagari,* 111 F.3d 307, 322 (2d Cir.1997) (stating that evidence is "new" only if "it could not have been discovered, exercising due diligence, before or during trial"). While it is unclear whether or when the document was produced during discovery, Rittweger did not object when it was introduced on the third day of an almost six-week trial. We have previously stated that the failure to ask for a continuance when allegedly new evidence is introduced at trial is, if not a waiver of any later unfair surprise claim, at least strong proof that the party was not in fact surprised by the "new" evidence. *See United States v. Cephas,* 937 F.2d 816, 823 (2d Cir.1991) ("If Harris were truly surprised by the testimony, he could have sought time to prepare his cross examination and/or answering case."); *United States v. Caine,* 441 F.2d 454, 456 (2d Cir.1971) ("[T]he absence of surprise is highlighted by appellants' failure to request a continuance when the court ruled the evidence admissible.").

Moreover, although Rittweger argues the document was nevertheless "suppressed" because it was not disclosed in time for Rittweger to act upon or "weave" its contents into the defense case, the district court rightly pointed out that he actively cross-examined the document's author about its validity and suggested during summation that the document was a fake. Because the jury could have considered the implications of the exhibit in its deliberations, Rittweger cannot show that document was "material" in that it "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Kyles v. Whitley,* 514 U.S. 419, 435, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995).

In total, because the district court did not base its order on "an error of law . . .

or a clearly erroneous factual finding," it did not abuse its discretion in denying Rittweger's Rule 33 motion for a new trial. *United States v. Figueroa,* 548 F.3d 222, 226 (2d Cir.2008).

For the foregoing reasons, the Order of the district court is AFFIRMED.